IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOJO KWASI WILSON, #2089115, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:22-CV-2109-C (BH) |
| | ) | |
| DIRECTOR, Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on September 22, 2022 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

## I.      BACKGROUND

Jojo Kwasi Wilson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2016 conviction and sentence in the 265th Judicial District Court of Dallas County, Texas.  (*See* doc. 3 at 2.)  The respondent is the Director of TDCJ-CID.  (*See id.* at 1.)

After pleading guilty, Petitioner was convicted of first-degree murder on August 26, 2016, in Case No. F-15-76656-R in the 265th Judicial District Court of Dallas County, Texas, and was sentenced to 45 years' imprisonment.[2]  *See State v. Wilson*, No. F-15-76656-R (265th Jud. Dist.

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

[2] The same day, a jury convicted Petitioner of aggravated robbery in Case No. F-16-00418-R and sentenced him to 61 years' imprisonment.  *See State v. Wilson*, No. F-16-00418-R (265th Jud. Dist. Ct., Dallas Cnty., Tex. Aug. 26, 2016). Petitioner does not challenge that judgment in this habeas action; he is challenging it in a separate § 2254 proceeding pending in this Court.  (*See Wilson v. Director*, No. 3:22cv2108-E-BK, doc. 3 (N.D. Tex. Sept. 22, 2022).)

Ct., Dallas Cnty., Tex. Aug. 26, 2016).  He did not appeal this conviction or sentence.  (*See* doc. 3 at 3.)  His state habeas application, signed on June 24, 2019, was received by the trial court on July 1, 2019.  *See Ex parte Wilson*, No. W15-76656-R(A) (265th Jud. Dist. Ct., Dallas Cnty., Tex. July 1, 2019).  On August 24, 2022, the Texas Court of Criminal Appeals denied his state habeas application without written order on the findings of the trial court without a hearing and on its independent review of the record.  *See Ex parte Wilson*, No. WR-90,224-01 (Tex. Crim. App. Aug. 24, 2022).

Petitioner's § 2254 petition raises one ground for relief: "Petitioner's guilty plea of 45 yrs. was involuntary when trial counsel prevented him from accepting a more favorable offer of 35 yrs." (doc. 3 at 6.)

## II.   STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214, on April 24, 1996.  It applies to all federal petitions for habeas corpus filed after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court).  Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief.  *See* 28 U.S.C. § 2244(d).  Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Petitioner did not appeal his conviction or sentence to the state appellate court.  (*See* doc. 3 at 3.)  His conviction therefore became final on Sunday, September 25, 2016, when the thirty-day period for filing an appeal expired.  *See* Tex. R. App. P. 26.2(a) (appeal must be filed within thirty days of judgment); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires.").  Because his conviction became final on a Sunday, he would have had until the next business day, Monday, September 26, 2016, to timely appeal to the state appellate court.  *See* Tex. R. App. P. 4.1(a).  Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2244(d)(1)(B), (C).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final.  Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date.  Petitioner filed this habeas action almost six years later.  His § 2254 petition is therefore untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.

A.    **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Petitioner's state habeas application, signed on June 24, 2019, was received by the trial court on July 1, 2019, one year and nine months after his limitations period expired on September 25, 2017.  It therefore does not toll the limitations period under § 2244(d)(2).  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that habeas application filed in state court after expiration of the limitations period does not statutorily toll the limitations period).

B.    **Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled.  *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).  A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing.  *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The petitioner bears the burden to show

entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner provides no basis for equitably tolling the limitations period, and he has therefore failed to meet his burden to show that he is entitled to equitable tolling.

**C.**    **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case. *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if it does, Petitioner does not allege that he is actually innocent of murder, and his claims do not present evidence of actual innocence. Accordingly, he cannot overcome the applicable AEDPA limitations period on the basis of actual innocence. His § 2254 petition should be denied as untimely.

### III.    RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on September 22, 2022 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 6th day of October, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE